Willie E. PROFFER and Thelma M. Proffer Trust, Willie E. Proffer and Thelma M. Proffer, Trustees, Plaintiffs–Respondents,

v.

Michael A. HAHN and Karen L. Hahn, His Wife, Defendants–Appellants.

No. 66107.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 14, 1995.

M.L. Jack Davis, Park Hills, for defendants/appellants.

Kim Roger Moore, Nancy N. Gaultney, Toohey & Moore, P.C., Perryville, for plaintiffs/respondents.

KAROHL, Judge.

Defendants, Michael and Karen Hahn, appeal the trial court's order quieting title in plaintiffs, co-trustees of the Proffer trust, Willie and Thelma Proffer, to property located between County Road 250 and the former Old Perryville Road in Madison County, Missouri. The Hahns challenge the sufficiency of the evidence to support findings regarding the existence and location of Old Perryville Road. We affirm.

On March 21, 1968, E.C. and Irene Lynam conveyed property to the Proffers described as follows:

All that part of the South Half of the Southeast Quarter and the South Half of Lot One (1) of the Southwest Quarter of Section Six (6), Township Thirty-three (33) North, Range Eight (8) East, that lies North and West of the old Perryville Road, containing sixty (60) acres, more or less.

On June 26, 1991, the Lynams conveyed property to the Hahns described as follows:

A tract of land containing sixty (60) acres, more or less, and being all that part of the following described real estate lying South and East of the Old Perryville Road, to-wit: The South Half of the Southeast Quarter and the South Half of Lot One (1) of the Southwest Quarter of Section Six (6), Township Thirty-three (33) North of Eight (8) East, containing One Hundred Twenty (120) acres.

Subject to easements, rights-of-way, restrictions and reservations of record and/or in existence, if any.

The grantees of these deeds share a common boundary, "Old Perryville Road." The Proffer trust property is west of the road, and the Hahns' property is east of the road.

David Schumer, a licensed surveyor, testified on behalf of the Proffers. Lawrence Lee and Mary Stacy, longtime residents of Perryville, showed Schumer and his survey crew where they remembered Old Perryville Road to be. Schumer testified he observed the signs of an old roadbed in the area indicated by Lee and Stacy.

Ken Baer, a licensed land surveyor and engineer, also testified on behalf of the Proffers. Baer prepared a plat based on the acreage and legal descriptions in the parties' deeds and the evidence at the location. He placed the Old Perryville Road east of the current Madison County Road 250, which was established in the late 1930's. Lee and Stacy, who also testified on behalf of the Proffers, described the Old Perryville Road as being in a different location than the current Madison County Road 250.

Bud Moyers, a retired forester with the U.S. Forest Service, testified on behalf of the Proffers. He had worked in the general area in question as a forester. He testified he saw signs of an old roadbed in the location the Proffers described as the Old Perryville Road.

Floyd Evans, who owns a professional mapping company, testified on behalf of the Hahns. Evans testified he went with Proffer, Lee and two other individuals whose names he could not remember to the property. Evans testified none of these individuals could show him any indications of an old roadbed.

Glenn Roberts, a licensed surveyor, testified on behalf of the Hahns. He testified he saw evidence of an old logging road on the property, but did not find evidence of an old roadbed on the southern part of the property.

The Hahns' first point is the trial court erred in finding the Proffers obtained

title to the property located between County Road 250 and Old Perryville Road by adverse possession. We find the court did not make a finding of adverse possession.

■ In reviewing a court-tried case, we will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The trial court found as follows:

7. The Plaintiffs and their predecessors in title have occupied, possessed and used the property East of County Road 250 and West of the Old Perryville Road continuously up to the time of trial for hunting, walking and driving all terrain vehicles.

8. The Defendants Michael A. Hahn and Karen L. Hahn have used the property located East of County Road 250 and West of the Old Perryville Road; however, their occupancy has not been exclusive, continuous or adverse for a period exceeding ten years.

The trial court did not find the Proffers obtained title to the property located between County Road 250 and Perryville Road by adverse possession. Paragraph seven does not address all of the elements of adverse possession. *See Witt v. Miller,* 845 S.W.2d 665, 667 (Mo.App.E.D.1993). Moreover, the court based its determination of the parties' property rights on the parties' deeds as clarified by Baer's plat. The court found Old Perryville Road is the common boundary of the parties' properties and is located as shown on the plat. It found the Proffers own a tract of land containing 64.51 acres west of Old Perryville Road. It found the Hahns own a tract of land containing 62.70 acres east of Old Perryville Road. Because the court did not base its findings on adverse possession, the Hahns' first point is denied.

■ The Hahns' second and third points are related. The Hahns argue the trial court erred in finding Old Perryville Road to be the boundary of the parties' properties because: 1) the parties' predecessors agreed on a boundary indicated by a fence along County Road 250, and 2) the plat and description do not agree.

There was substantial evidence to support the trial court's finding that Old Perryville Road is the boundary between the parties' properties. Both deeds refer to the road as a monument marking a boundary line. Schumer, a licensed surveyor, testified he saw signs of an old roadbed where Old Perryville Road had been located. Lee and Stacy, longtime residents of the area, testified to the location of the road. Moyers, a retired forester, also testified to evidence of an old roadbed where the Old Perryville Road was located. Baer, a licensed surveyor, testified his placement of Old Perryville Road would divide the property in dispute into tracts containing 64.51 acres on the west side of the road and 62.70 acres on the east side of the road. He testified his plat was consistent with the parties' deeds. The trial court was empowered to believe or disbelieve all, part or none of the testimony of any witness. *Forester v. Whitelock,* 850 S.W.2d 427, 428 (Mo.App.S.D.1993). We find the trial court's decision was supported by substantial evidence. Points two and three are denied.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.